**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 27 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EMERITA LARA LEYVA, | No.   19-71499 |
| Petitioner, | Agency No. A091-893-856 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2022[**]

Before:      CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Emerita Lara Leyva, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying her motion to reopen

proceedings.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of discretion the denial of a motion to reopen.  *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002).  We deny the petition for review.

We previously denied Lara Leyva's petition for review of the agency's determination that she was not eligible for asylum, withholding of removal, or protection under the Convention Against Torture.  *Lara Leyva v. Barr*, No. 18-71682 (9th Cir. Mar. 20, 2019) (unpublished).  We now conclude that the BIA did not abuse its discretion by denying her motion to reopen.  As the BIA observed, Lara Leyva did not introduce new evidence that would likely have changed the outcome of her case.  8 C.F.R. § 1003.2(c)(1); *Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (applicants who seek to "reopen proceedings to pursue relief bear a 'heavy burden' of proving that, if proceedings were reopened, the new evidence would likely change the result in the case" (quoting *Matter of Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992))); *see also Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (concluding that where police investigated but were ultimately unable to solve crimes, the evidence did not compel the conclusion that the government was unable or unwilling to control the petitioner's harassers).

The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**